UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT TREPETA,
*On behalf of himself and all*
*other similarly situated individuals,*

    Plaintiffs,

v.

                                    Civil Action No:   3:19cv181

CAPITAL ONE FINANCIAL CORPORATION

    SERVE    Corporation Service Company
                   100 Shockoe Slip, 2nd Floor
                   Richmond, VA 23219

    Defendant.

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, Robert Trepeta, by counsel, as for his Class Complaint against the Defendant, Capital One Financial Corporation ("Capital One"), he states as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual or statutory, and treble damages pursuant to the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, *et seq.*

2.    The Defendant sent text messages to the Plaintiff's cellular phone using an "automatic telephone dialing system ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), after he revoked his consent to receive such messages as part of the "established business relationship" he had with Capital One pursuant to 47 U.S.C. § 227(a)(2).

3.    The TCPA includes text messages. Report and Order, *In re* Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, at ¶ 165 (F.C.C. July

3, 2003). *In re* Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 F.C.C. Rcd. 7961, at ¶¶ 27, 107–108, 111–115 (F.C.C. July 10, 2015).

4. A person may revoke their prior consent under the TCPA. *Id.* at ¶¶ 63, 64.

5. The Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) multiple times by repeatedly sending the Plaintiff unwanted text messages to his cellular phone after he revoked consent by following the specific instructions provided to him by the Defendant to get the text messages to stop, and after his numerous additional subsequent efforts by telephone, email, and mail.

6. The Plaintiff is entitled to actual or statutory damages, and treble damages pursuant to 47 U.S.C. § 227(b)(3) for the Defendant's willful and knowing violations of the TCPA.

## JURISDICTION

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

## PARTIES

8. The Plaintiff is a natural person residing in Virginia, and at all times relevant hereto was an individual as defined by "person" at 47 U.S.C. § 153(39).

9. The Defendant, Capital One, is a corporation authorized to business in the Commonwealth of Virginia through its registered agent in Richmond, Virginia.

10. The Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. 227(a)(2).

## STATEMENT OF FACTS

11. In late 2018, the Plaintiff opened a Capital One checking account.

12. Shortly thereafter, Plaintiff began receiving text messages from Capital One on his cellular phone.

13. The Plaintiff's cellular phone number is identified as 757-###-5014.

14. Based upon information and belief, the Defendant sent the text messages using an automatic dialing system as defined by 47 U.S.C. § 227(a)(1).

15. After receiving the messages, the Plaintiff texted "STOP" from his cell phone to shortcodes 227898 and 728464 pursuant to the Capital One Terms and Conditions Agreement.

16. The Plaintiff sent the "STOP" requests on or about November 3, 2018, and November 4, 2018.

17. However, the Plaintiff continued to receive text messages from Capital One.

18. On or about November 5, 2018, the Plaintiff sent a letter by U.S. Mail to Capital One requesting that it stop sending text messages to his cell phone.

19. The Plaintiff continued to receive text messages from the Defendant.

20. On or about November 9, 2018, the Plaintiff sent an email to Capital One requesting that it stop sending text messages to his cell phone.

21. The Plaintiff continued to receive text messages from the Defendant.

22. On or about November 27, 2018, the Plaintiff sent a second letter to Capital One requesting that it stop sending text messages to his cell phone.

23. The Plaintiff continued to receive text messages from the Defendant.

24. Despite the Defendant receiving multiple notifications from the Plaintiff that he did not want to receive text messages from Capital One, the Defendant continued to send text messages to the Plaintiff's cellular phone.

25. The Defendant failed to comply with the requirements of the TCPA and associated governing F.C.C. Rules and Regulations by continuing to transmit unwanted text messages via an ATDS to the Plaintiff after he had revoked his consent, causing the Plaintiff to sustain damages to include, but not limited to: intrusion on the Plaintiff's privacy, occupation of the capacity of the Plaintiff's cell phone, wasting of the Plaintiff's time, additional cellular charges, and accompanying emotional distress.

26. The Defendant is aware of its obligations under the TCPA.

27. In 2014, the Defendant settled one of the largest TCPA class action lawsuits in history.

28. One of the terms of the settlement agreement was that the Defendant was required to overhaul its TCPA compliance procedures.

29. Despite knowing these legal obligations, the Defendant acted consciously in breaching its known duties and violated the Plaintiff's rights by failing to cease sending text messages to Plaintiff's cell phone using an ATDS after the Plaintiff revoked his consent.

30. The Defendant's conduct was not a mere mistake or accident. Instead, it was the intended result of their standard operating procedures, and the Defendant's violations were willfully and knowingly committed.

31. From November 3, 2018 (the date that the Plaintiff first revoked his consent) to the present, he has received at least 112 test messages from the Defendant.

### COUNT ONE: Class Action Claim
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

32. The Plaintiff restates each of the allegations in paragraphs 1 through 30 as if set forth at length herein.

33. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiff brings this action for himself and on behalf of a class defined as follows:

> All natural persons residing in the United States (a) who opened a Capital One checking account, (b) within the four-year period preceding the filing date of this action and during its pendency, (c) to whom Capital One thereafter sent text messages using an ATDS, (d) after such date as the class member revoked his or her consent. Excluded from the class definition are any employees, officers, or directors of Capital One, any attorney appearing in this case, and any judge assigned to hear this action.

34. The Plaintiff also brings this action on behalf of a portion of the Class described as the following subclass:

### The Short Code Subclass

> All natural persons residing in the United States (a) who opened a Capital One checking account, (b) within the four-year period preceding the filing date of this action and during its pendency, and (c) to whom Capital One thereafter sent text messages using an ATDS, (d) after such date as the class member revoked his or her consent by sending the phrase "STOP" to short code 227898 or to short code 728464. Excluded from the class definition are any employees, officers, or directors of Capital One, any attorney appearing in this case, and any judge assigned to hear this action.

35. The Plaintiff incorporates his prior allegations and estimates that the class is so numerous that joinder of all members is impractical. Although the precise number of class members is known only to the Defendant, Capital One opens and services hundreds of thousands of individual checking accounts each year. Assuming that even if only 1 out of every 100 checking account customers attempted to stop Capital One from sending text messages, the class size would still be in the tens of thousands.

36. The Plaintiff's claim is typical of those of the class members. All are based on the same facts and legal theories. Capital One's failure to stop sending text messages using an ATDS after a person revokes consent is typical of its regular business practices and policies.

37. The Plaintiff will fairly and adequately protect the interests of the class. The Plaintiff has retained counsel experienced in handling class actions. Neither the Plaintiff nor his counsel has any interests that might cause them to not vigorously pursue this action. The Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

38. Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper. Prosecuting separate actions would create a risk of adjudications that would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair their ability to protect their interests.

39. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendant has acted on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

40. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. As alleged above, the questions of law or fact common to the members of the class predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford to bring such claims individually. Further, most consumers affected by the

Defendant's TCPA violation would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation. Additionally, individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. A win for one consumer would set the law for every similarly situated consumer.

41. Capital One violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an ATDS to send text messages to the Plaintiff and purported class members phones lines after they revoked their consent.

42. The Defendant's conduct was not a mere mistake or accident. Instead, it was the intended result of their standard operating procedures

43. As a result of Capital One's conduct and actions, the Plaintiff and purported class members suffered actual damages.

44. As a result of Capital One's conduct and actions, the Plaintiff and purported class members, are entitled to statutory damages.

45. Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were willfully and knowingly committed, rendering the Defendant liable for actual or statutory damages, and treble damages under 47 U.S.C. § 227(b)(3).

## **PRAYER FOR RELIEF**

Wherefore, the Plaintiff seeks relief and judgment against the Defendant as follows:

46. Pursuant to 47 U.S.C. § 227(b)(3)(A), the Plaintiff, on behalf of himself and the putative class members, seeks injunctive relief against the Defendant prohibiting violations of 47 U.S.C. § 227(b)(1)(A) in the future. Pursuant to 47 U.S.C. § 227(b)(3)(B), the Plaintiff, on behalf of himself and the putative class members, seeks $500.00 in statutory damages for each and every

violation of 47 U.S.C. § 227(b)(1)(A)(iii). Pursuant to 47 U.S.C. § 227(b)(3)(C), the Plaintiff, on behalf of himself and the putative class members, seeks treble damages for each and every willful or knowing violation of 47 U.S.C. § 227(b)(1)(A)(iii).

**The Plaintiff and the Class requests a trial by jury.**

Respectfully submitted,
ROBERT TREPETA

/s/
Matthew J. Erausquin, VSB #65434
Leonard A. Bennett, VSB #37523
Tara B. Keller, VSB #91986
Consumer Litigation Associates
1800 Diagonal Road, Ste. 600
Alexandria, Virginia 22314
(703) 273-7770 telephone
(888) 892-3512 facsimile
Email: matt@clalegal.com
Email: lenbennett@clalegal.com
Email: tara@clalegal.com

*Counsel for the Plaintiffs*